[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12983
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00237-SCJ-LTW-1


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

STEVEN L. JACKSON,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 18, 2015)

Before MARCUS, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Steven L. Jackson challenges his 294-month sentence as substantively

unreasonable under 18 U.S.C. § 3553 because, even though the sentence imposed

was within the advisory sentencing guidelines range, the district court placed undue emphasis on his criminal history.  Mr. Jackson pled guilty to one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced Mr. Jackson to 210 months on the bank robbery count and 84 months on the brandishing a firearm count with the sentences to run consecutively.[1]  For purposes of the guidelines calculations for the bank robbery count, Mr. Jackson was classified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(b)(2), which increased the offense level and suggested sentence range under the guidelines.

Mr. Jackson challenges the substantive reasonableness of his sentence for the first time on appeal.  Ordinarily, we review the reasonableness of a sentence for an abuse of discretion.  *United States v. Docampo,* 573 F.3d 1091, 1096 (11th Cir. 2009).  Nonetheless, the government urges that we should apply a plain error standard because Mr. Jackson did not challenge the substantive reasonableness of his sentence in the district court.  To support its position, the government cites cases holding that plain error review applies when a defendant challenges the *procedural* reasonableness of the sentence for the first time on appeal.  *See United States v. Vandergrift,* 754 F.3d 1303, 1307 (11th Cir. 2014).  However, the

---

[1] On the brandishing a firearm count, federal law mandated that the district court impose a consecutive sentence of "not less than 84 months."  *See* 18 U.S.C. § 924(c)(1)(A)(ii).

2

government has not cited any case in which we applied the plain error standard to review the *substantive* reasonableness of a sentence challenged for the first time on appeal. But we need not resolve the appropriate standard of review in this case because, even assuming the less deferential abuse of discretion standard applies, Mr. Jackson has failed to show that the district court abused its discretion.

In reviewing the substantive reasonableness of a sentence, we evaluate "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Section 3553(a) instructs that the district court "shall impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). We will vacate a sentence for substantive unreasonableness only upon "a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Moreover, "we ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Hunt,* 526 F.3d 739, 746 (11th Cir. 2008) (internal quotation marks omitted).

3

Mr. Jackson argues that the district court abused its discretion by allowing the evidence of his violent criminal history to overwhelm other relevant sentencing considerations.  He points to evidence about his current mental stability and family support to argue a lighter sentence could fulfill the purposes of deterring future criminal and protecting the public from further crimes.  The sentencing transcript shows, however, that the district court considered this latter evidence when it applied the § 3553(a) factors.  Although the district court imposed a lengthy sentence, Mr. Jackson has not shown that under the totality of the circumstances the district court abused its discretion.  The sentencing transcript shows that the district court imposed the sentence based not only on Mr. Jackson's extensive criminal history, including that many of his prior crimes were violent and he committed the present offense while on supervised release, but also the seriousness of the offense, including that he put the lives of bank employees at risk.  Further, the sentence imposed was well within the applicable adjusted guidelines range.  After reviewing the sentence and the record in this case, we are not left with a definite and firm conviction that the district court committed a clear error of judgment and imposed a sentence that lies outside the range of reasonable sentences under the facts of this case.

**AFFIRMED.**

4